UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ETIENNE ROTHSCHILD,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE ANN GILDRED, et al.,<br><br>Defendants. | Case No.  23-cv-01713-LJC<br><br>**ORDER GRANTING IFP APPLICATION; SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)(B); GRANTING MOTION TO AMEND**<br><br>Re: ECF Nos. 1, 8, 9 |

Plaintiff Thomas Etienne Rothschild filed his Complaint and an application for leave to proceed *in forma pauperis* (IFP). ECF Nos. 1, 8.[1] Plaintiff has also filed a Motion to Amend Complaint and Add Defendants (Motion to Amend). ECF No. 9. The Court finds that Plaintiff's Motion to Amend is appropriate for disposition without oral argument. See Civ. L.R. 7-1(b). Accordingly, the hearing on the Motion to Amend, set for July 7, 2023, at 2:00 P.M. is **VACATED**. Having considered Plaintiff's papers, the Court **GRANTS** the IFP application and finds that the Complaint fails to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also **GRANTS** Plaintiff's Motion to Amend, and orders Plaintiff to file a first amended complaint that addresses the deficiencies identified in this screening order by July 12, 2023.

---

[1] Plaintiff simultaneously filed an IFP application along with his Complaint. ECF No. 2. However, the Court denied that application without prejudice because it was incomplete and ordered Plaintiff to file a renewed application by May 19, 2023. ECF No. 6. Plaintiff missed this deadline, although the Court took judicial notice of the fact that he filed amended IFP applications purportedly for this case in the related case pending before this Court, Rothschild v. The Pacific Companies, No. 23-cv-01721-LJC, ECF Nos. 11, 12 (Apr. 10, 2023). ECF No. 7. The Court gave Plaintiff until June 15, 2023 to file a renewed IFP application in this matter. Id. Plaintiff filed his renewed IFP application on June 9, 2023. ECF No. 8.

**I.  BACKGROUND**

Plaintiff brings this action against Defendants Stephanie Ann Gildred and Lorton Management Corporation. ECF No. 1 (Compl.) at 1.[2] According to Plaintiff, he and Ms. Gildred were previously in a romantic relationship and engaged to be married. Id. Plaintiff alleges that he and Defendants entered into a contract to develop a property located in Burlingame, California, along with other joint venture partners including The Pacific Companies and Caleb Roope.[3] Id. Plaintiff alleges that he invested millions of dollars "in actual capital and intellectual capital to develop the property, and to remodel as a licensed contractor." Id. Defendants subsequently sold the property without notice to Plaintiff, even though he had an equitable interest in the property. Id. Plaintiff alleges that Defendants were part of a conspiracy along with a "broker," Stiehl Miller, and a real estate agent, Joey Miller, to sell the property without the inclusion of Plaintiff. Id. Plaintiff brings claims for fraud, negligence, equitable title, unjust enrichment, and bad faith. Id. Plaintiff requests $5,000,000, as well as "any other compensatory damages, punitive damages, interest, attorney fees, and any other relief the court deems fitting." Id. at 36.

**II.  LEGAL STANDARD**

A court may allow a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. See 28 U.S.C. § 1915(a)(1). But the Court is also under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If the Court dismisses a case pursuant to Section 1915(e)(2)(B), the plaintiff may still file the same complaint by paying the filing fee. This is because the Court's Section 1915(e)(2)(B) dismissal is not on the merits, but rather an exercise of the court's discretion under the IFP statute. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

---

[2] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system when the document is electronically filed on the court docket.

[3] The Pacific Companies is named as a defendant in the related case before this Court, Rothschild v. The Pacific Companies, 23-cv-01721-LJC.

1       To make the determination under Section 1915(e)(2)(B), courts assess whether the
2  complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319,
3  325 (1989). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual
4  allegations for lack of subject matter jurisdiction. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th
5  Cir. 1984). A court can also dismiss a complaint where it is based solely on conclusory
6  statements, naked assertions without any factual basis, or allegations that are not plausible on their
7  face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); see also Erickson v. Pardus, 551 U.S. 89
8  (2007) (per curiam). Ordinarily the Court must give an IFP plaintiff leave to "amend their
9  complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by
10 amendment." Franklin, 745 F.2d at 1235, n.9.

**III.   DISCUSSION**

12      Having evaluated Plaintiff's financial affidavit, the Court finds that Plaintiff has satisfied
13 the economic eligibility requirement of 28 U.S.C. § 1915(a) and **GRANTS** the application to
14 proceed IFP. The Court will first screen Plaintiff's Complaint under Section 1915(e)(2)(B), before
15 addressing Plaintiff's Motion to Amend.

16      **A.      Screening of Plaintiff's Complaint Under § 1915(e)(2)(B)**

17      Plaintiff's Complaint does not allege a basis for subject matter jurisdiction. Federal courts
18 are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a
19 particular case unless the contrary affirmatively appears." Stock W., Inc. v. Confederated Tribes,
20 873 F.2d 1221, 1225 (9th Cir. 1989) (internal citations omitted). A federal court may exercise
21 either federal question jurisdiction or diversity jurisdiction.

22      Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under
23 the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-
24 question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal
25 jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly
26 pleaded complaint." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (quoting Caterpillar,
27 Inc. v. Williams, 482 U.S. 386, 392 (1987)). Plaintiff's Complaint exclusively alleges claims that
28 arise under state law. Therefore, federal question jurisdiction does not exist here.

A court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." Id. Here, Plaintiff does not allege the state citizenship either for himself or for the Defendants. The Complaint lists a P.O. Box address for Plaintiff in Naples, Florida on the caption page. Compl. at 1. At the end of the Complaint, there is a declaration from Plaintiff that he served an electronic copy of the Complaint to Defendants at an email address, followed by a reference to "6th Avenue, Tacoma, Washington, 98406." Id. at 37. Neither is enough to allege citizenship for any party, especially since one of the Defendants, Lorton Management Corporation, is a corporation, and "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Moreover, a natural person's state citizenship is determined by his or her state of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. However, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. (internal citation omitted). Even if the Court construes the reference to Tacoma, Washington as the location where perhaps Ms. Gildred was served a copy of the Complaint by Plaintiff, that simply suggests Tacoma, Washington is where Ms. Gildred resided at the time, not her place of domicile.

Accordingly, the Complaint does not allege a basis for either federal question or diversity jurisdiction.

### B. Motion to Amend

Under Federal Rule of Civil Procedure 15, a plaintiff has the right to amend his complaint within twenty-one days of service of the complaint or within twenty-one days of service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever comes first. Fed. R. Civ. P. 15(a)(1)(A)-(B); see Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015). "In all other cases, a party may amend its pleading only with the opposing party's

1  written consent or the court's leave.  The court should freely give leave when justice so requires."

2  Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has a "generous standard for granting motions for

3  leave to amend under Rule 15" and a policy of "favoring amendments with 'extreme liberality.'"

4  Velasquez v. Bank of Am. N.A., No. C 11-2491 SBA, 2011 WL 13267079, at *1 (N.D. Cal. Oct.

5  18, 2011) (quoting United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981)).

6        Here, Plaintiff's Motion to Amend requests leave of court to amend the original

7  Complaint, add additional defendants, and add claims for violations of "ADA [Americans with

8  Disability Act] protected class of alcoholism" and "Civil Rights under Fair Housing [Act]. FHA."

9  ECF No. 9 at 2.  The additional defendants that Plaintiff wishes to add are Otto Miller,

10  Murphywood, Inc., and Louisa Zee Kao.  Id. at 3.  Plaintiff also indicates he wishes to add claims

11  for civil conspiracy and conversion.  Id.

12        Given the early stage of these proceedings and the fact that the named Defendants at this

13  time have yet to been served, the Court finds that the liberal policy in favor of amendment merits

14  granting Plaintiff's request to amend the Complaint.  Plaintiff may add additional defendants and

15  causes of action, although the Court reminds Plaintiff that any amended complaint must

16  demonstrate a basis for federal subject matter jurisdiction, whether federal question jurisdiction or

17  diversity jurisdiction, as explained above.  See supra, Section III.A.

18  **IV.  CONCLUSION**

19        For the reasons stated above, the Court **GRANTS** Plaintiff's IFP application and finds

20  that the Complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e) due to lack of subject

21  matter jurisdiction.  The Court **GRANTS** Plaintiff's Motion to Amend, and orders Plaintiff to file

22  a first amended complaint addressing the deficiencies identified in this order by July 12, 2023.  If

23  he does not file a timely first amended complaint, the Court will recommend that this action be

24  dismissed.

25  //

26  //

27  //

28  //

The Court refers Plaintiff to the section "Representing Yourself" on the Court's website, located at https://perma.cc/6NL7-U9U7, as well as the Court's Legal Help Centers for unrepresented parties.  Parties may schedule an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

**IT IS SO ORDERED.**

Dated: June 21, 2023

LISA J. CISNEROS
United States Magistrate Judge