UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E ROTHSCHILD,<br>Mr. Rothschild,<br>v.<br>STEPHANIE ANN GILDRED, et al.,<br>Defendants. | Case No.  23-cv-01713-LJC<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2); CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 22 |

Plaintiff Thomas E. Rothschild is proceeding in this case *in forma pauperis* (IFP). ECF No. 10. The Court previously screened his original Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (First Screening Order) and ordered Mr. Rothschild to file an amended complaint that addressed certain deficiencies identified by the Court as to the basis for its subject matter jurisdiction. Id. at 1.[1] Mr. Rothschild filed his Second Amended Complaint (SAC) on July 27, 2023.[2] ECF No. 22. But the Court nevertheless remains under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that "(A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A)-(B).

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

[2] Mr. Rothschild originally filed his First Amended Complaint (FAC) on June 30, 2023. ECF No. 12. However, at the Initial Case Management Conference on July 13, 2023, he requested leave to file another amended complaint, as the FAC had inadvertent omissions. ECF No. 16. The Court granted the request, and Mr. Rothschild was to file his SAC by July 20, 2023. Id. He filed a Motion for Extension of Time to Amend on July 21, 2023, the day after the SAC was due. ECF No. 19. The Court in its discretion granted the request for an extension and made the SAC due by July 27, 2023. ECF No. 20.

1     Having considered Mr. Rothschild's SAC, the Court finds that it fails to state a claim on which relief may be granted pursuant to Section 1915(e)(2)(B)(ii).  The Court orders Mr. Rothschild to file a third amended complaint that addresses the deficiencies identified in this screening order by September 22, 2023.  In addition, the Court requires additional information to make a determination as to Mr. Rothschild's allegations of poverty under Section 1915(e)(2)(A).  Therefore, he is also ordered to submit a new IFP application by September 22, 2023 that includes the information requested by the Court below.  To allow time for Mr. Rothschild to amend, the Case Management Conference, currently scheduled for September 14, 2023, shall be continued 90 days.

## I. BACKGROUND

    In its First Screening Order, the Court summarized the events giving rise to Mr. Rothschild's claims and so incorporates that background by reference here.  See ECF No. 10 at 2.  After screening the Complaint, the Court found that it did not allege a basis for subject matter jurisdiction.  Id. at 3-4.  Mr. Rothschild was given leave to amend his Complaint.  Id. at 5.

    In the SAC, Mr. Rothschild has added additional defendants—Otto Miller, Kurt Stiehl, Otto Miller Development, Miller Stiehl Properties, Murphywood, Inc., Louisa Zee Kao, Stewart Title, Stewart Guaranty Corp., and Stewart Corporation. ECF No. 22 at 1.  He has also added additional federal and state law claims—conspiracy, violations of Title II of the American with Disabilities Act (ADA), violations of the Fair Housing Act (FHA), civil conspiracy, unfair business practices, breach of contract, and tortious interference with business expectancy.[3] Id.

## II. LEGAL STANDARD

    In screening an IFP complaint under Section 1915(e)(2)(B), courts assess whether the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Courts can dismiss complaints founded on "wholly fanciful" factual allegations for

---

[3] In his original Complaint, Mr. Rothschild also included a claim for "bad faith." ECF No. 1 at 1. He appears to have dropped that claim in the SAC in favor of his new state law claims for conspiracy, unfair business practices, breach of contract, and tortious interference with business expectancy, all of which incorporate elements of "bad faith" on the part of the Defendants against which the claims are brought.

United States District Court
Northern District of California

lack of subject matter jurisdiction.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face.  See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); see also Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam).  Ordinarily the Court must give an IFP plaintiff leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Franklin, 745 F.2d at 1235, n.9.

## III.  DISCUSSION

### A.  Federal Question Jurisdiction

Mr. Rothschild alleges that the Court has federal question jurisdiction in this case based on his claims for violations of the ADA and FHA.  ECF No. 22 at 3.  As an initial matter, Mr. Rothschild conflates his ADA claim with his FHA claim and makes allegations that he applies to both within a single, six-page section of the SAC.  Id. at 18-23.  And over four of the six pages are simply a rudimentary recitation of what Mr. Rothschild needs to show to successfully prove violations of the ADA and the FHA.  See id. at 18-21, 23.  The Court will not consider such allegations or accept them as true.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

The only factual allegations concerning the ADA and FHA claims are that they are "in relation to a recent real estate transaction" and Mr. Rothschild alleges that his disability is based on "alcoholism and drug addiction at the time of the real estate transaction."  ECF No. 22 at 21.  Otherwise, his ADA and FHA claims are simply supported by conclusory statements.  See, e.g., id. at 21 ("The defendants conspired to violate the ADA and FHA by engaging in discriminatory actions against [Mr. Rothschild]," they "failed to provide reasonable accommodations," and they "intentionally denied [Mr. Rothschild] equal access to housing opportunities and subjected him to discriminatory treatment.")  Mr. Rothschild never explains what "discriminatory actions" Defendants took against him or what "discriminatory treatment" he was subjected to.  Nor does he ever describe what "reasonable accommodations" he required and how Defendants denied these to him.  While Mr. Rothschild is not required to plead "detailed factual allegations," he must do more

than provide "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678 (citation omitted). Elsewhere in the SAC, Mr. Rothschild alleges that he remodeled and invested $1.5 million into a property located in Burlingame, California, that Defendants sold the property without his knowledge or participation, and that this resulted in the denial of Mr. Rothschild's equitable interest in the property. See ECF No. 22 at 6, 8, 10, 16. But he does not repeat these facts in the section devoted to his ADA and FHA claims, incorporate them by reference, or explain how these facts fit within the legal elements of his ADA and FHA claims and thus entitle him to relief. See Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (noting that a complaint is "fatally defective" if it includes "only conclusory assertions of discrimination without factual allegations that plausibly gave rise to an entitlement of relief.") In other words, Mr. Rothschild never elaborates on how the sale of the property in Burlingame constituted discrimination against him because of his alcoholism and drug addiction.

More importantly, Mr. Rothschild purports to bring a Title II ADA claim. ECF No. 22 at 18. Title II of the ADA states: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a Title II ADA violation, a plaintiff must prove that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability" Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001) (internal quotation marks and citation omitted). Therefore, Title II provides for liability only against public entities, which it defines as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). None of the Defendants are a State, local government, or governmental entity, nor does Mr. Rothschild make allegations as to whether any of the Defendants could be considered an "instrumentality of a State or States or local

1  government."  Therefore, the SAC has not provided "enough facts to state a claim to relief that is

2  plausible on its face," at least not as to the Title II ADA claim.  Twombly, 550 U.S. at 547.

3        As to Mr. Rothschild's FHA claim, he does not allege which specific provision(s) of the

4  FHA is at issue.  The FHA defines a "discriminatory housing practice" as "an act that is unlawful

5  under section 3604, 3605, 3606, or 3617 of this title."  42 U.S.C. § 3602.  Mr. Rothschild does

6  allege that his FHA claim is in relation to a "real estate transaction" and Section 3605 has to do

7  with "Discrimination in residential real estate-related transactions."[4]  But the lack of factual

8  allegations in support of the FHA claim, combined with the open question as to which FHA

9  provision(s) Defendants violated, "do not permit the [C]ourt to infer more than the mere

10  possibility of misconduct," which by itself does not show that Mr. Rothschild "is entitled to

11  relief."  Iqbal, 556 U.S. at 679 (internal quotation marks and citation omitted).

12       **B.**    **Diversity Jurisdiction**

13        Because Mr. Rothschild's original Complaint alleged claims that only arose under state

14  law, the First Screening Order advised him as to the deficiencies in the Complaint with respect to

15  the Court's exercise of diversity jurisdiction.  See ECF No. 10 at 4.  If he does not remedy the

16  deficiencies identified above as to his ADA and FHA claims and chooses instead to proceed with

17  just the state law claims, the Court informs Mr. Rothschild that the SAC allegations are

18  insufficient for the Court to exercise diversity jurisdiction.

19        Mr. Rothschild alleges that he resides and is domiciled in Scottsdale, Arizona, and that

20  Defendant Stephanie Gildred resides and is domiciled in Tacoma, Washington.  ECF No. 22 at 5.

21  However, for Defendants Louis Zee Kau and Otto Miller, he provides addresses in Burlingame,

22  California, with no allegations as to whether the addresses are where each Defendant "resides"

23  and/or is "domiciled."  Id. at 6.  Similarly, for Defendants Miller Stiehl Properties, Stewart

24  Corporation, Stewart Title Company, and Guaranty Stewart Title, Mr. Rothschild provides

25  addresses in Burlingame, California, with no allegations as to whether the addresses are each

---

[4] "It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin."  42 U.S.C. § 3605(a).

1  Defendant's principal place of business and place of incorporation.[5]  Id.  Even if the Court

2  assumes that the addresses provided are enough to demonstrate each Defendant's citizenship for

3  the purposes of the Court's diversity jurisdiction, Mr. Rothschild has failed to include any

4  allegations as to the citizenship of two other Defendants, Kurt Stiehl and Murphywood, Inc.

5  Therefore, the Court cannot conclusively determine if there is complete diversity among the

6  parties as required by 28 U.S.C. § 1332.

### C. Other Deficiencies

As with Mr. Rothschild's ADA and FHA claims, his state law claims include pages of "threadbare recitals of the elements" for each cause of action, which by itself is not enough to state a claim on which relief may be granted.  Iqbal, 556 U.S. at 678.  Some of the state law claims include additional factual allegations but others do not.  For example, Mr. Rothschild's claims for tortious interference with business expectancy, breach of contract, and civil conspiracy all include "naked assertions" with little to no factual support.  Id. (quoting Twombly, 550 U.S. at 557); see ECF No. 22 at 24-30, 32-37.  In particular, the claim for tortious interference with business expectancy contains no reference to Defendants or any actions committed by them; instead, Mr. Rothschild simply recites the legal elements and what must be established by any plaintiff to bring a successful claim for tortious interference with business expectancy.  ECF No. 22 at 36-37.

For each cause of action, Mr. Rothschild must plead enough "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  He can summarize facts about the case in one portion of his complaint and incorporate those facts by reference elsewhere.  See Fed. R. Civ. P. 10(c).  But Mr. Rothschild must allege facts that are sufficient to support the elements of each of his claims.  See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint…may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.")

---

[5] In the case caption page, Mr. Rothschild refers to Defendants "Stewart Title" and "Stewart Guaranty Corp." ECF No. 22 at 1.  Elsewhere, he refers to Defendants "Stewart Title Company" and "Guaranty Stewart Title."  Id. at 6.  The Court assumes that Mr. Rothschild is referring to the same two Defendants, despite the variations in each Defendant's company name.

### D. IFP Status

In the SAC, Mr. Rothschild alleges that he "lives intermittently" at a "sober house for alcohol treatment" in Florida, and "works in Real Estate." ECF No. 22 at 5. However, in his IFP application, dated June 6, 2023, Mr. Rothschild represented to the Court under penalty of perjury that he had received no income in the preceding twelve months from "Business, profession, or other self-employment," and his only source of income was from Social Security disability benefits he receives monthly. ECF No. 8 at 1. The Court granted the IFP application on June 21, 2023. ECF No. 10.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the [C]ourt shall dismiss the case at any time if the court determines that…the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). However, "[t]o dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." Escobedo v. Applebees, 787 F.3d 1226, 1235, n.8 (9th Cir. 2015). To address this inconsistency as to Mr. Rothschild's employment in the SAC versus his IFP application, Mr. Rothschild shall file a revised IFP application that indicates under penalty of perjury whether he currently works in "Real Estate," and whether he was doing this work at the time he filed his IFP application in June. If there is any source of income that was not disclosed in his original IFP application, Mr. Rothschild shall explain why that information was omitted.

### IV. CONCLUSION

For the reasons stated above, the Court finds that the SAC fails to state a claim pursuant to 28 U.S.C. § 1915(e). The Court orders Mr. Rothschild to file a third amended complaint and a revised IFP application addressing the questions and deficiencies identified in this order by September 22, 2023. If he does not file a timely third amended complaint or does not address all the questions and deficiencies identified by the Court in this screening order, the Court will recommend that this action be dismissed.

//

//

//

To allow time for Mr. Rothschild to amend, the Case Management Conference, currently scheduled for September 14, 2023, shall be continued 90 days.

**IT IS SO ORDERED.**

Dated: September 1, 2023

_____
LISA J. CISNEROS
United States Magistrate Judge

8